SNAY v CLINTON TOWNSHIP

TOWNS—EMPLOYMENT—CIVIL SERVICE ACT—HOUSING COMMISSION.
    Employees of a township housing commission are entitled to the
    procedural safeguards of the township civil service act where
    the township had adopted a civil service system pursuant to the
    provisions of that act except as to those expressly excluded and
    those whose method of appointment is otherwise prescribed by
    statute; whether the housing commission is an entity legally
    distinct from the township need not be determined because
    there is nothing in the act which would justify distinguishing
    one group of employees in the service of the people of the
    township from another on that basis (MCLA 38.451).

Appeal from Macomb, Walter P. Cynar, J. Submitted Division 2 October 10, 1972, at Lansing. (Docket No. 13065.) Decided September 27, 1973. Leave to appeal denied, 391 Mich 795.

Complaint by Lyle R. Snay and Barbara Curtis against Clinton Township and others for wrongful discharge from employment. Summary judgment for defendants. Plaintiffs appeal. Reversed and remanded for further proceedings.

*Charles W. Jennings,* for plaintiff Lyle R. Snay.

*Rogensues & Ricard, P. C.,* for plaintiff Barbara Curtis.

*Towner, Rosin & York,* for defendants.

Before: DANHOF, P. J., and LEVIN and T. M. BURNS, JJ.

REFERENCE FOR POINTS IN HEADNOTE
52 Am Jur, Towns and Townships § 15 *et seq.*

PER CURIAM. Plaintiffs, Lyle R. Snay and Barbara Curtis, who were dismissed from their employment with the Clinton Township Housing Commission, contend that their discharge was improper because their employer failed to comply with the procedural safeguards of the township civil service act. MCLA 38.462; MSA 5.193(12). Clinton Township had previously adopted a civil service system pursuant to the provisions of that act. MCLA 38.451; MSA 5.193(1).

The circuit judge entered a summary judgment dismissing the complaint, ruling as a matter of law that Snay and Curtis were not entitled to the benefits of the act because they were employees of the housing commission, not of the township. We reverse.

The circuit judge reasoned:

"The exercise of authority extended to the Housing Commission is inconsistent in several important aspects with the authority extended to the Civil Service Commission, under its provisions. To place the Housing Commission employees under the Township Civil Service system would be to defeat the language of the Housing Act and thwart the intent of the Housing Act. *The Housing Commission appears to have been set up as an entity legally distinct from the township.* The plaintiffs are not entitled to the rights and protection of the Civil Service Act as prayed for." (Emphasis supplied.)

The circuit judge was in error in his view that there is an inconsistency between the functions of an appointing authority in hiring, supervising, and discharging employees, and the functions of a civil service commission in preparing an eligibility list and in reviewing removals, suspensions, and reductions of rank. Indeed, that is the essence of the interrelationship between a governmental em-

ployer and a civil service system whether the employer is the state, county, city, township, or a satellite agency.

We see no need to decide whether a township housing commission is an entity legally distinct from the township as we find nothing in the township civil service act which would justify distinguishing one group of employees in the service of the people of the township from another on that basis.

The township civil service act contains the following provision for determining those employees who are covered by a township civil service system:

"Sec 6. The civil service of the township is hereby divided into the unclassified and classified services.

"(a) The unclassified service shall include officers elected by popular vote and persons appointed to fill vacancies in such elective offices, 1 deputy or assistant each for the supervisor, clerk and treasurer, and heads of departments.

"(b) The classified service shall comprise all positions not specifically included by this act in the unclassified service." MCLA 38.456; MSA 5.193(6).

The "all positions" clause clearly means all employees in the service of the township except those expressly excluded and those whose method of appointment is otherwise prescribed by statute (*e.g.*, the members of the township housing commission themselves). MCLA 125.654, 125.653(c); MSA 5.3014, 5.3013(c). If we were to begin to make exceptions on the basis suggested, we would invite litigation seeking similar exceptions for employees of other township boards, commissions, and authorities. If employees of satellite entities are to be excepted (they are not excepted under other Michigan provisions establishing civil service commis-

sions which we have examined), we think it better for the Legislature to so provide.

Reversed and remanded for further proceedings not inconsistent with this opinion. Costs to the plaintiffs.